IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

UNITED STATES OF AMERICA

    Plaintiff,

v.

ALLEN J. SCHREIBER, an individual, and
LISA M. SCHREIBER, an individual,

    Defendants.

## COMPLAINT

The United States of America, by and through its undersigned counsel, complains and alleges as follows:

1. This is a civil action brought by the United States to reduce to judgment the outstanding assessments of federal income tax liabilities against Defendants, Allen and Lisa Schreiber, in accordance with 26 U.S.C. §§ 7401 and 7402.

### Jurisdiction and Venue

2. This action is brought pursuant to 26 U.S.C. § 7401 at the direction of a delegate of the Attorney General of the United States and at the request of and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

3. This Court has jurisdiction under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

4. Venue for this action is proper within the District of Colorado under 28 U.S.C. §§ 1391(b) and 1396 because the Defendants, Allen and Lisa Schreiber, reside

in the District of Colorado at 7101 E. Crestline Avenue Greenwood Village, Colorado 80111 and all tax liabilities accrued there.

## Defendants

5.      Allen and Lisa Schreiber ("the Schreibers") are married. As a married couple, the Schreibers filed their federal income tax returns (Form 1040) jointly for each tax year at issue. The Schreibers are named as Defendants because they have unpaid federal income tax liabilities for the years described below.

## Federal Income Tax Liabilities

6.      The Schreibers jointly filed Forms 1040, U.S. Individual Income Tax Return, for tax years 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020.

7.      The Schreibers self-reported federal income tax liabilities for each of these years but did not pay their federal income tax liabilities in full.

8.      For each tax year at issue, the IRS timely assessed liabilities based on the Schreibers' self-reported liabilities. The assessed amounts, assessment dates, and outstanding balances as of January 6, 2023 are as follows:

| Tax Type | Tax Period | Assessment Date | Total Original Assessed Amount | Outstanding Balance Due as of January 6, 2023 |
|---|---|---|---|---|
| 1040 | 2008 | 11/16/2009 | $67,773.35 | $119,654.19 |
| 1040 | 2009 | 11/22/2010 | $124,374.21 | $138,263.89 |
| 1040 | 2010 | 7/11/2011 | $66,954.75 | $119,950.14 |
| 1040 | 2011 | 12/17/2012 | $100,990.10 | $172,956.36 |

| | | | | |
|---|---|---|---|---|
| 1040 | 2012 | 07/05/2013 | $95,504.39 | $164,309.04 |
| 1040 | 2014 | 4/11/2016 | $104,938.62 | $158,722.15 |
| 1040 | 2015 | 11/28/2016 | $97,464.55 | $148,555.99 |
| 1040 | 2016 | 11/06/2017 | $86,111.16 | $124,981.21 |
| 1040 | 2017 | 11/26/2018 | $129,243.31 | $170,626.48 |
| 1040 | 2018 | 11/18/2019 | $65,564.13 | $68,809.38 |
| 1040 | 2020 | 6/13/2022 | $32,071.17 | $34,673.31 |
| **TOTAL AMOUNT OWED AS OF 1/6/23** | | | | **$1,421,511.14** |

9. Despite timely notice and demand for payment of the tax assessments described in paragraph 8, the Schreibers have failed, neglected, and/or refused to make full payment of the assessed amounts to the United States.

10. These liabilities remain due and owing to the United States in the total amount of $1,421,511.14 as of January 6, 2023, plus statutory interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and other statutory additions, less any payments and credits, until paid in full.

## Statute of Limitations

11. 26 U.S.C. § 6502(a) provides a general ten-year statute of limitations on the collection of unpaid taxes owed from the date the tax was assessed.

12. Other Code provisions extend this general ten-year limit under certain circumstances such as Installment Agreements ("IA") under 26 U.S.C. § 6502, or upon entering into Chapter 11 bankruptcy proceedings, under 26 U.S.C. § 6503(h)(2).

13. The Secretary of the Treasury may enter into a written agreement with a taxpayer allowing the taxpayer to pay his tax liability through an IA. 26 U.S.C. § 6159(a).

14. The Schreibers entered into two IAs, both of which were terminated when the Schreibers defaulted on their agreements with the IRS.

15. The first IA covered the 2008 and 2009 tax years and was entered on December 7, 2010 and terminated by the IRS on August 15, 2011. In accordance with 26 U.S.C. § 6331(k)(2)(D), 30 days after the IA termination date, collections were tolled, and accordingly 30 days were added to toll the CSED for each of the covered tax years based on this event.

16. The second IA covered the 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, and 2018 tax years and was entered on April 30, 2020 and terminated by the IRS on October 11, 2021. In accordance with 26 U.S.C. § 6331(k)(2)(D), 30 days after the second IA termination date, collections were tolled, and accordingly 30 days were added to toll the CSED for each of the covered tax years based on this event.

17. The statute of limitations on collections is also tolled during the pendency of a taxpayer's bankruptcy proceeding and for a period of six months thereafter. 26 U.S.C. § 6503(h)(2).

18. The Schreibers filed for Chapter 11 bankruptcy on November 5, 2012. This event began a CSED tolling period for the tax years 2008, 2009, 2010, 2011, and 2012.

19. On May 22, 2015, or 928 days later, the Schreibers were found to be in default on their bankruptcy payments to the IRS. The IRS sent the case back to collections six months thereafter, on November 22, 2015, or 184 days later.

20. The number of days between November 5, 2012 and May 22, 2015 is 928. When adding an additional six (6) months, or 184 days, per 26 U.S.C. § 6503(h)(2), the total number of days the CSED was tolled due to the Schreiber's bankruptcy proceedings is 1,112.

21. While not calculated as the end date for tolling the CSED, the Schreiber's Chapter 11 bankruptcy proceedings were dismissed by an Order of the Bankruptcy Court on November 17, 2015.

22. The CSEDs for the tax years at issue in this case are extended to at least[1] the dates set forth below, and this suit is timely as to all periods as a result.

| Tax Year | Assessment Date | Original SOL | Days of Tolling | Current Minimum SOL |
|---|---|---|---|---|
| 2008 | 11/16/2009 | 11/16/2019 | 1,172 | 1/31/2023 |
| 2009 | 11/22/2010 | 11/22/2020 | 1,172 | 2/7/2024 |
| 2010 | 7/11/2011 | 7/11/2021 | 1,142 | 8/26/2024 |

---

[1] In addition to the other tolling events set forth in the complaint, the CSED has been suspended/tolled since 7/23/2022 by a pending Collection Due Process request for all tax years except 2008, 2016, and 2020.

| Tax Year | Assessment Date | Original SOL | Days of Tolling | Current Minimum SOL |
|---|---|---|---|---|
| 2011 | 12/17/2012 | 12/17/2022 | 1,100 | 12/21/2025 |
| 2012 | 7/5/2013 | 7/5/2023 | 900 | 12/21/2025 |
| 2014 | 4/11/2016 | 4/11/2026 | 30 | 5/11/2026 |
| 2015 | 11/28/2016 | 11/28/2026 | 30 | 12/28/2026 |
| 2016 | 11/06/2017 | 11/06/2027 | 30 | 12/06/2027 |
| 2017 | 11/26/2018 | 11/26/2028 | 30 | 12/26/2028 |
| 2018 | 11/18/2019 | 11/18/2029 | 30 | 12/18/2029 |
| 2020 | 6/13/2022 | 6/13/2032 | 0 | 6/13/2032 |

### Claim to Reduce Federal Tax Assessments to Judgment

23. The United States is entitled to judgment against the Schreibers for unpaid federal income tax liabilities for the 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020 tax years in the amount of $1,421,511.14 as of January 6, 2023, less payments or credits, plus statutory interest and other additions to tax as provided by law that will continue to accrue until paid.

### Prayer for Relief

WHEREFORE, the United States of America requests that the Court:

A. Enter judgment in favor of the United States and against Defendants, Allen and Lisa Schreiber, for their unpaid federal income taxes for the 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020 tax years in the amount of

$1,421,511.14 as of January 6, 2023, less payments or credits, plus statutory interest and other additions to tax as provided by law that will continue to accrue until paid; and

  B. Award the United States its costs in bringing this action.

Respectfully submitted January 11, 2023.

              DAVID A. HUBBERT
              Deputy Assistant Attorney General

              /*s/ Robert C. Bombard*/
              ROBERT C. BOMBARD
              Trial Attorney, Tax Division
              U.S. Department of Justice
              P.O. Box 683
              Ben Franklin Station
              Washington, D.C. 20044-0683
              (202) 514-6073
              (202) 307-0054 (f)
              Robert.Bombard@usdoj.gov
              Western.TaxCivil@usdoj.gov
              Attorney for Plaintiff