IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00084-PAB-MEH

UNITED STATES OF AMERICA

    Plaintiff,

v.

ALLEN J. SCHREIBER, an individual;
LISA M. SCHREIBER, an individual;
GUARANTY BANK AND TRUST COMPANY, a corporation;
FIRST CITIZENS BANK AND TRUST COMPANY; a corporation;
HCA HEALTHONE LLC; a limited liability corporation;
COLORADO DEPARTMENT OF REVENUE;
AGS CONSTRUCTION INCORPORATED;
ARAPAHOE COUNTY, COLORADO;
ARIELLE M. LASORSA, an individual; and
JILLIAN E. SCHREIBER, an individual

    Defendants.

## UNITED STATES' AMENDED COMPLAINT

The United States of America, by and through its undersigned counsel, files this Amended Complaint and alleges as follows:

### Introduction

1. This is a civil action brought by the United States to reduce to judgment the outstanding assessments of federal income tax liabilities against defendants, Allen J. Schreiber and Lisa M. Schreiber, and to foreclose related federal tax liens on real property located in Arapahoe County, Colorado.

2. This action is brought pursuant to 26 U.S.C. § 7401 and § 7403 at the direction of a delegate of the Attorney General of the United States and at the request of

and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

## Jurisdiction and Venue

3. This Court has jurisdiction under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

4. Venue for this action is proper within the District of Colorado under 28 U.S.C. §§ 1391(b) and 1396 because it is the district where the defendants live, the district where the liability for the taxes at issue accrued, and the district where the property that is the subject of the action is situated.

## Identification of Defendants

5. Defendant-taxpayer Allen J. Schreiber is named as a defendant in this action because he has unpaid federal tax liabilities and because he has an interest in the real property at issue in this case.

6. Defendant-taxpayer Lisa M. Schreiber is named as a defendant in this action because she has unpaid federal tax liabilities and because she has an interest in the real property at issue in this case.

7. Allen and Lisa Schreiber (the Schreibers) are married. As a married couple, the Schreibers filed their federal income tax returns (Form 1040) jointly for each tax year at issue.

8. Defendant, Guaranty Bank and Trust Company, is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

9. Defendant, First Citizens Bank and Trust Company, is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

10. Defendant, HCA Healthone LLC, is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

11. Defendant, Colorado Department of Revenue, is named as a party to this action pursuant to 26 U.S.C. §7403(b) because it may claim an interest in the real property at issue.

12. Defendant, AGS Construction, Incorporated, is named as a party to this action pursuant to 26 U.S.C. §7403(b) because it may claim an interest in the real property at issue.

13. Defendant, Arielle M. Larsorsa, daughter of Allen and Lisa Schreiber, is named as a party to this action pursuant to 26 U.S.C. §7403(b) because she may claim an interest in the real property at issue.

14. Defendant, Jillian E. Schreiber, daughter of Allen and Lisa Schreiber, is named as a party to this action pursuant to 26 U.S.C. §7403(b) because she may claim an interest in the real property at issue.

**Federal Income Tax Liabilities and Liens**

15. The Schreibers jointly filed Forms 1040, U.S. Individual Income Tax Return, for tax years 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020.

16. The Schreibers self-reported federal income tax liabilities for each of these years but did not pay their federal income tax liabilities in full.

17. For each tax year at issue, the IRS timely assessed liabilities based on the Schreibers' self-reported liabilities. The assessed amounts, assessment dates, and outstanding balances as of April 5, 2023 are as follows:

| Tax Type | Tax Period | Assessment Date | Total Original Assessed Amount | Outstanding Balance Due as of April 5, 2023 |
|---|---|---|---|---|
| 1040 | 2008 | 11/16/2009 | $67,773.35 | $121,713.84 |
| 1040 | 2009 | 11/22/2010 | $124,374.21 | $140,643.87 |
| 1040 | 2010 | 7/11/2011 | $66,954.75 | $122,014.88 |
| 1040 | 2011 | 12/17/2012 | $100,990.10 | $175,942.66 |
| 1040 | 2012 | 07/05/2013 | $95,504.39 | $167,137.35 |
| 1040 | 2014 | 4/11/2016 | $104,938.62 | $161,454.28 |
| 1040 | 2015 | 11/28/2016 | $97,464.55 | $151,113.13 |
| 1040 | 2016 | 11/06/2017 | $86,111.16 | $126,837.92 |
| 1040 | 2017 | 11/26/2018 | $129,243.31 | $173,274.61 |
| 1040 | 2018 | 11/18/2019 | $65,564.13 | $69,823.02 |
| 1040 | 2020 | 6/13/2022 | $32,071.17 | $36,085.91 |
| **TOTAL AMOUNT OWED AS OF 4/5/23** | | | | **$1,446,041.47** |

4

18. Despite timely notice and demand for payment of the tax assessments described in paragraph 17, the Schreibers have failed, neglected, or refused to make full payment of the assessed amounts to the United States.

19. These liabilities remain due and owing to the United States in the total amount of $1,446,041.47 as of April 5, 2023, plus statutory interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and other statutory additions, less any payments and credits, until paid in full.

20. Pursuant to 26 U.S.C. § 6321 and 26 U.S.C. § 6322, tax liens arose in favor of the United States on the dates of the assessments set forth in paragraph 17 and attached to all property and rights to property of the Schreibers.

21. In order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS filed Notices of Federal Tax Liens ("NFTL") regarding the tax assessments with the County Clerk and Recorder of Arapahoe County, Colorado, the County where the real property at issue is located, as follows:

| Tax Type | Tax Period | Filing Date |
|---|---|---|
| 1040 | 2008 | 06/03/2022 |
| 1040 | 2009 | 06/03/2022 |
| 1040 | 2010 | 06/03/2022 |
| 1040 | 2011 | 10/21/2022 |
| 1040 | 2012 | 10/21/2022 |
| 1040 | 2014 | 07/01/2019 |

| 1040 | 2015 | 07/01/2019 |
| --- | --- | --- |
| 1040 | 2016 | 04/12/2022 |
| 1040 | 2017 | 07/01/2019 |
| 1040 | 2018 | 01/21/2020 |
| 1040 | 2020 | 09/27/2022 |

## Statute of Limitations

22.     26 U.S.C. § 6502(a) provides a general ten-year statute of limitations on the collection of unpaid taxes owed from the date the tax was assessed.

23.     Other Code provisions extend this general ten-year limit under certain circumstances such as Installment Agreements ("IA") under 26 U.S.C. § 6502, or upon entering into Chapter 11 bankruptcy proceedings, under 26 U.S.C. § 6503(h)(2).

24.     The Secretary of the Treasury may enter into a written agreement with a taxpayer allowing the taxpayer to pay his tax liability through an IA. 26 U.S.C. § 6159(a).

25.     The Schreibers entered into two IAs, both of which were terminated when the Schreibers defaulted on their agreements with the IRS.

26.     The first IA covered the 2008 and 2009 tax years and was entered on December 7, 2010 and terminated by the IRS on August 15, 2011. In accordance with 26 U.S.C. § 6331(k)(2)(D), 30 days after the IA termination date, collections were tolled, and accordingly 30 days were added to toll the CSED for each of the covered tax years based on this event.

27. The second IA covered the 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, and 2018 tax years and was entered on April 30, 2020 and terminated by the IRS on October 11, 2021. In accordance with 26 U.S.C. § 6331(k)(2)(D), 30 days after the second IA termination date, collections were tolled, and accordingly 30 days were added to toll the CSED for each of the covered tax years based on this event.

28. The statute of limitations on collections is also tolled during the pendency of a taxpayer's bankruptcy proceeding and for a period of six months thereafter. 26 U.S.C. § 6503(h)(2).

29. The Schreibers filed for Chapter 11 bankruptcy on November 5, 2012. This event began a CSED tolling period for the tax years 2008, 2009, 2010, 2011, and 2012.

30. On May 22, 2015, or 928 days later, the Schreibers were found to be in default on their bankruptcy payments to the IRS. The IRS sent the case back to collections six months thereafter, on November 22, 2015, or 184 days later.

31. The number of days between November 5, 2012 and May 22, 2015 is 928. When adding an additional six (6) months, or 184 days, per 26 U.S.C. § 6503(h)(2), the total number of days the CSED was tolled due to the Schreiber's bankruptcy proceedings is 1,112.

32. While not calculated as the end date for tolling the CSED, the Schreiber's Chapter 11 bankruptcy proceedings were dismissed by an Order of the Bankruptcy Court on November 17, 2015.

33. The CSEDs for the tax years at issue in this case are extended to at least[1] the dates set forth below, and this suit is timely as to all periods as a result.

| Tax Year | Assessment Date | Original SOL | Days of Tolling | Current Minimum SOL |
|---|---|---|---|---|
| 2008 | 11/16/2009 | 11/16/2019 | 1,172 | 1/31/2023 |
| 2009 | 11/22/2010 | 11/22/2020 | 1,172 | 2/7/2024 |
| 2010 | 7/11/2011 | 7/11/2021 | 1,142 | 8/26/2024 |
| 2011 | 12/17/2012 | 12/17/2022 | 1,100 | 12/21/2025 |
| 2012 | 7/5/2013 | 7/5/2023 | 900 | 12/21/2025 |
| 2014 | 4/11/2016 | 4/11/2026 | 30 | 5/11/2026 |
| 2015 | 11/28/2016 | 11/28/2026 | 30 | 12/28/2026 |
| 2016 | 11/06/2017 | 11/06/2027 | 30 | 12/06/2027 |
| 2017 | 11/26/2018 | 11/26/2028 | 30 | 12/26/2028 |
| 2018 | 11/18/2019 | 11/18/2029 | 30 | 12/18/2029 |
| 2020 | 6/13/2022 | 6/13/2032 | 0 | 6/13/2032 |

---

[1] In addition to the other tolling events set forth in the complaint, the CSED has been suspended/tolled since 7/23/2022 by a pending Collection Due Process request for all tax years except 2008, 2016, and 2020.

8

**Subject Property and Encumbrances**

34. This action seeks to foreclose upon real property owned by defendants Allen and Lisa Schreiber (the "subject property"), which consists of one parcel of property located at 7701 E. Crestline Avenue, Greenwood Village, Arapahoe County, Colorado 80111. The subject property, PIN 031784891, AIN 2075-17-1-03-008, is more particularly described as "Tract 14, Belleview Heights, Second Filing, County of Arapahoe, State of Colorado."

35. The Schreibers acquired the property via Warranty Deed from Heartwood Homes, Incorporated, on February 28, 1994, which was recorded with the Arapahoe County Clerk and Recorder on March 18, 1994.

36. On April 13, 2022, the Schreibers recorded a beneficiary deed to convey ownership of the subject property to their daughters, Arielle M. Lasorsa and Jillian E Schreiber, upon their (the Schreibers') deaths. The beneficiary deed is of no effect as to the tax liens. The purported transfer does not satisfy the requirements of 26 U.S.C. § 7425 and therefore, does not divest the liens from the property.

**Count 1: Claim to Reduce Federal Tax Assessments to Judgment**

37. The United States incorporates paragraphs 1 through 36 by reference, as if fully set forth herein.

38. A duly-authorized delegate of the Secretary of the Treasury made timely assessments against the Schreibers on the dates and in the amounts as set forth in paragraph 17 above.

39. Despite timely notice and demand for payment of the assessments described above, the Schreibers have refused or neglected to make payment to the

United States, and there remains due and owing on those assessments, together with accrued but unassessed statutory interest and other additions, the amount of $1,446,041.47, as of April 5, 2023.

40. The United States is entitled to judgment against the Schreibers for unpaid federal income tax liabilities for the 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020 tax years in the amount of $1,446,041.47, as of April 5, 2023, less payments or credits, plus statutory interest and other additions to tax as provided by law that will continue to accrue until paid.

### Count 2: Foreclose Federal Tax Liens on the Subject Property

41. The United States incorporates paragraphs 1 through 40 by reference, as if fully set forth herein.

42. Pursuant to 26 U.S.C. § 6321 and 26 U.S.C. § 6322, liens arose on the assessment dates shown in the tables set forth in paragraph 17, above, against all property and rights to property belonging to the Schreibers, including the subject property.

43. The United States recorded notices of federal tax liens for the periods and on the dates described in paragraph 21, above.

44. The United States seeks to foreclose the federal tax liens described above through a sale of the subject property.

45. The tax liens arising for the assessments set forth in paragraphs 17 have priority over all interests in the subject property acquired after the attachment of the tax liens, subject to the notice provisions of 26 U.S.C. § 6323(a).

**Request for Relief**

WHEREFORE, the United States of America respectfully requests that the Court:

 A. Enter judgment in favor of the United States and against Defendants, Allen J. Schreiber and Lisa M. Schreiber, jointly and severally, for their unpaid federal income taxes for the 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020 tax years in the amount of $1,446,041.47, as of April 5, 2023, less payments or credits, plus statutory interest and other additions to tax as provided by law that will continue to accrue until paid;

 B. Determine that the United States' federal tax liens against Allen Schreiber and Lisa Schreiber for unpaid federal income taxes for 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020, attach to the subject property, and that the United States has a valid and subsisting liens against all of the Schreibers' property and rights to property, including the subject property.

 C. Order that the federal tax liens of the United States be foreclosed upon the subject property, that the subject property be sold, and that the proceeds from the sale be distributed to the United States and all other creditors in their respective priorities, in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties;

 D. Order that, to the extent the proceeds of the sale of the real property fail to satisfy the tax liens against Defendants, Allen J. Schreiber and Lisa M. Schreiber, a deficiency judgment be entered against them;

E. Award the United States its costs and such other relief as is just and proper.

Respectfully submitted April 20, 2023.

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ *Robert C. Bombard*
ROBERT C. BOMBARD
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(202) 514-6073
(202) 307-0054 (f)
Robert.Bombard@usdoj.gov
Western.TaxCivil@usdoj.gov
*Attorney for Plaintiff*