## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00084-PAB-MEH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ALLEN J. SCHREIBER, an individual;
LISA M. SCHREIBER, an individual;
GUARANTY BANK AND TRUST COMPANY, a corporation;
FIRST CITIZENS BANK AND TRUST COMPANY; a corporation;
HCA HEALTHONE LLC; a limited liability corporation;
COLORADO DEPARTMENT OF REVENUE;
AGS CONSTRUCTION INCORPORATED;
ARAPAHOE COUNTY, COLORADO;
ARIELLE M. LASORSA, an individual; and
JILLIAN E. SCHREIBER, an individual,

      Defendants.

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

DEFENDANTS, Allen J. Schreiber and Lisa M. Schreiber, by and through their counsel of record, Kevin A. Planegger and Whitney W. Wolfe, hereby respectfully submit to this Honorable Court their Answer to the Amended Complaint and state as follows:

1. The parties answering the Amended Complaint are as follows:

    a. Defendant: Allen J. Schreiber:

        i. Address: 7101 East Crestline Avenue, Greenwood Village, Colorado 80111.

        ii. Telephone Number: (303) 741-5414

        iii. Email Address: lisamyas@aol.com

    iv.  Date of Birth (Age): 05/02/1951 (72)

  b.  Defendant: Lisa M. Schreiber:

    i.  Address: 7101 East Crestline Avenue, Greenwood Village, Colorado 80111.

    ii.  Telephone Number: (303) 741-5414

    iii.  Email Address: lisamyas@aol.com

    iv.  Date of Birth (Age): 08/21/1958 (64)

2.  Throughout this Answer, the parties answering this Amended Complaint may be referred to collectively as the "Defendants".

3.  The United States (hereinafter referred to as "Plaintiff") initially filed the Complaint in this matter on January 11, 2023.

4.  Defendants' deadline to file an answer was extended to May 12, 2023 by Order of the Court issued on March 10, 2023.

5.  Plaintiff filed *United States' Amended Complaint* on April 19, 2023.

6.  This Answer responds to each allegation in the Amended Complaint.

## <u>ANSWER</u>

7.  Defendants deny each and every allegation of the Amended Complaint which has not been specifically admitted or qualified herein.

8.  Defendants oppose the relief sought by Plaintiff in this civil action and as outlined in paragraph (1.) of the Amended Complaint.

9.  Defendants admit Paragraph (2.) of the Amended Complaint in part.  Defendants do not dispute that this action was brought by Plaintiff pursuant to 26 U.S.C. § 7401 and § 7403; however, Defendants do not have sufficient knowledge to admit or deny communications which have

occurred between the Attorney General and the Internal Revenue Service (hereinafter referred to as "IRS") or delegates thereof.

10. Defendants admit Paragraph (3.) of the Amended Complaint; the Defendants do not dispute this Court's subject matter jurisdiction under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

11. Defendants admit Paragraph (4.) of the Amended Complaint; Defendants do not dispute that venue is proper within the District of Colorado.

12. Defendants admit paragraphs (5.), (6.), and (7.) of the Amended Complaint.

13. Defendants do not have sufficient knowledge to admit or deny paragraphs (8.) through (14.) of the Amended Complaint. Plaintiff has named additional parties to this action; Defendants do not have sufficient knowledge to admit or deny whether such additional parties will claim an interest in the real property at issue. However, upon information and belief, defendants Jillian E. Schreiber and Arielle Larsorsa do not claim an interest in the subject property at issue.

14. Defendants admit paragraph (15.) of the Amended Complaint.

15. Defendants admit paragraph (16.) of the Amended Complaint to the extent the phrase "these tax years" mean tax years 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020.

16. Defendants admit paragraph (17.) of the Amended Complaint in part. Defendants admit that IRS timely assessed the tax liabilities in tax years 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020. Defendants admit that tax assessments in said tax years were based off the tax liability self-reported on their tax returns.  Defendants admit other information contained in Plaintiff's table included under paragraph (17.), except that:

a.  With respect to the column titled "Total Original Assessed Amount" said amounts include not only the tax reported by Defendants on their tax returns, but also the penalties, and interest assessed by IRS as of the assessment date.  Additionally, several amounts listed in this column are inconsistent with IRS account transcripts obtained by Defendants' counsel.  Some amounts do not include, for example, amounts paid by Defendants prior to the assessment date.  Defendants deny the "Total Original Assessed Amount" claimed by Plaintiff in 2010, 2011, 2012, 2017, and 2018.

b.  With respect to the column titled "Outstanding Balance Due as of April 5, 2023", Defendants do not have sufficient knowledge to admit or deny the outstanding balance due in all tax years as of April 5, 2023; said information can be obtained and verified during discovery.

17. Defendants deny paragraph (18.) of the Amended Complaint in part.  Defendants lack sufficient knowledge and information to admit or deny that notice and demand for payment was timely made pursuant to 26 U.S.C. 6303(a), which requires notice and demand within 60 days after assessment. Verification as to whether notice and demand for payment was timely will be obtained in discovery. Defendants deny that they have refused to full pay all of the tax assessments; this statement mischaracterizes the Defendants' character, ignores efforts made by the Defendants to pay the tax owed, and disregards Defendants' inability to pay in certain tax years.

18. Defendants do not have sufficient knowledge to admit or deny paragraph (19.) of the Amended Complaint; as noted above, Defendants cannot verify the balance owed for tax years 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020 on the date of April 5, 2023.

Defendants do not dispute that interest accrues on unpaid taxes and penalties pursuant to 26 U.S.C §§ 6601, 6621, and 6622.

19. Defendants admit paragraph (20.) of the Amended Complaint; Defendants do not dispute the language contained in 26 U.S.C. § 6321 and 26 U.S.C. § 6322.

20. Defendants admit (21.) of the Amended Complaint in part; Defendants admit that their only residence (the subject property) is located in Arapahoe County, Colorado.  Defendants admit that IRS filed a Notice of Federal Tax Lien (or "NFTL") with the Arapahoe County Clerk and Recorder for tax periods 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020.  Plaintiff included a table in Paragraph (21.) of the Amended Complaint. With respect to the column titled "Filing Date" Defendants admit that the dates listed are the *most recent* filing date on which a NFTL was filed or refiled; dates listed by Plaintiff do not include all filing dates.

21. Defendants admit (or otherwise acknowledge) paragraphs (22.), (23.), and (24.) of the Amended Complaint which contain legal authority.

22. Defendants admit paragraph (25.) of the Amended Complaint in part only. Defendants admit they have established installment agreements with IRS; however, the code "installment agreement established" appears on Defendants' IRS account transcripts on more than two (2) different dates. Additional discovery is needed to verify information regarding the Defendants' installment agreement history.  With respect to Plaintiffs' allegation that Defendants defaulted on their agreements with IRS, Defendants deny this assertion as it is overly broad and improperly mischaracterizes events which occurred. Defendants assert that IRS improperly terminated at least one of the installment agreements in 2021.

23. Defendants admit paragraph (26.) of the Amended Complaint in part only.  Defendants admit their first installment agreement covered tax years 2008 and 2009. Defendants admit that IRS terminated this installment agreement.  Defendants admit that the CSED is tolled for thirty (30) days following the termination of an installment agreement.  Defendants do not have sufficient information to admit or deny the dates and remaining information in paragraph (26.).

24. Defendants admit paragraph (27.) of the Amended Complaint in part only.  Defendants admit that an installment agreement was established on April 30, 2020 which covered tax years 2008, 2009, 2011, 2012, 2013, 2014, 2015, 2016, 2017, and 2018.  Defendants admit that IRS terminated this installment agreement, but do not have sufficient information to admit or deny the date of termination. Defendants admit that the CSED is tolled for thirty (30) days following the termination of an installment agreement.  Defendants do not have sufficient information to admit or deny that this was Defendants' second installment agreement. Additional discovery is needed to verify information regarding the Defendants' installment agreement history.

25. Defendants deny or otherwise dispute the paraphrasing contained in paragraph (28.) of the Amended Complaint; 26 U.S.C. § 6503(h)(2) specifically provides that the statute of limitations on collection is tolled "for the period during which the Secretary is prohibited by reason of such case […] from collecting and […] 6 months thereafter."

26. Defendants admit paragraph (29.) of the Amended Complaint in part only.  Defendants filed for Chapter 11 bankruptcy on November 5, 2012.  Defendants deny that the CSED was tolled beginning on November 5, 2012 for tax periods 2011 and 2012.  As of the date of filing, the tax owed in 2011 and 2012 had not yet been assessed.

27. Defendants deny paragraph (30.) of the Amended Complaint in part.  Defendants deny that they were found to be in default on May 22, 2015; upon information and belief, Defendants' bankruptcy proceeding is void of any motion or pleading filed by IRS regarding alleged default.  Additionally, Defendants' bankruptcy proceeding is void of any court order dated May 22, 2015 finding Defendants in default on their bankruptcy payments to IRS.  Defendants do not have sufficient information or knowledge to admit or deny when IRS sent Defendants' case back to collections; such information can be obtained and verified during discovery.

28. Defendants admit paragraph (31.) of the Amended Complaint in part only.  Defendants do not dispute that the number of days between November 5, 2012 and May 22, 2015 is 928.  Defendants do not dispute that six (6) additional months after May 22, 2015 is November 15, 2015, which is 184 days. Defendants deny that that the CSED was tolled due to Defendants' bankruptcy for 1,112 days.

29. Defendants admit paragraph (32.) of the Amended Complaint in part; Defendants admit that their bankruptcy proceeding was dismissed by the court on November 17, 2015.  Plaintiff states that this date was not used to calculate the "end date for tolling the CSED."  Defendant denies the accuracy of this approach in light of 11 U.S.C. § 362.

30. Defendants admit paragraph (33.) of the Amended Complaint in part only. Plaintiff includes a table in paragraph (33.) regarding the CSED for tax years 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020.  Defendants admit information contained under the column headings "Tax Year", "Assessment Date", and "Original SOL". Defendants deny the information contained under the column headings "Days of Tolling" and "Current Minimum

SOL"; however, Defendants' calculation of the "Current Minimum SOL" does not render Plaintiff's suit untimely.

31. Defendants admit footnote 1 to paragraph (33.) of the Amended Complaint.

32. Defendants oppose the relief requested by Plaintiff in paragraph (34.) of the Amended Complaint.  Defendants admit they are owners of the subject property.

33. Defendants admit paragraphs (35.) and (36.) of the Amended Complaint.

34. Defendants oppose the relief requested in paragraphs (37.) through (40.) of the Amended Complaint (Count 1).

35. Paragraph (37.) of the Amended Complaint does not require a response.

36. Defendants admit the factual information contained in paragraph (38.) of the Amended Complaint.

37. Defendants deny paragraph (39.) of the Amended Complaint in part; as stated above, Defendants deny that they have refused to full pay all of the tax assessments; this statement mischaracterizes the Defendants' character, ignores efforts made by the Defendants to pay the tax owed, and disregards the Defendants' inability to pay in certain tax years.  Also as stated above, Defendants do not have sufficient knowledge to admit or deny the outstanding balance due in all tax years as of April 5, 2023.

38. Defendants oppose the relief requested in paragraph (40.) of the Amended Complaint.

39. Defendants oppose the relief requested in paragraphs (41.) through (45.) of the Amended Complaint (Count 2).

40. Paragraph (41.) of the Amended Complaint does not require a response.

41. Defendants admit the factual information contained in paragraphs (42.) and (43.) of the Amended Complaint.

42. Defendants oppose the relief requested in paragraph (44.) of the Amended Complaint and deny that Plaintiff is entitled to such relief.

43. Defendants do not have sufficient knowledge to admit or deny the legal conclusions contained in paragraph (45.) of the Amended Complaint.  Upon information and belief, IRS did not timely refile NFTLs in several years (i.e. 2008, 2009, 2010) which caused a Release of the NFTL. This affects the priority of the NFTLs.  The priority of each tax lien will be verified during discovery. Defendants do not dispute the language contained in 26 U.S.C. § 6323(a).

44. Defendants oppose and otherwise deny all relief requested by Plaintiff under the heading "Request for Relief" on pages 11 through 12 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

45. Plaintiff's claim is barred because relief requested in the Amended Complaint violates Defendants' right to due process as conferred to them under 26 U.S.C. § 6330 and the Fourteenth Amendment of the U.S. Constitution.  As referenced by Plaintiff in footnote on page 8 of the Amended Complaint, Defendants timely requested a fair hearing under 26 U.S.C. § 6330(b) well before Plaintiff filed its original Complaint on January 11, 2023.   Said request for a Collection Due Progress (or "CDP") hearing pertains to the majority of tax years at issue in the Amended Complaint, including 2009, 2010, 2011, 2012, 2014, 2015, 2017, and 2018.

46. 26 U.S.C. § 6330(e) not only suspends the CSED, it also suspends enforced collection action. Despite this, Plaintiff seeks to foreclose on the federal tax liens "through a sale of the subject property." *See* Amended Complaint at paragraph (44.).  The subject property is the Defendants'

principal residence and only home.  IRS defines "levy" as "a legal seizure of your property to satisfy a tax debt."[1]  Seizure and forced sale of Defendants' home is the ultimate form of enforced collection action or levy.

47. Notably, this Court has authority to enjoin the foreclosure action brought by Plaintiff. 26 U.S.C. § 6330(e) provides that "Notwithstanding the provisions of section 7421(a), the beginning of a levy or proceeding during the time the suspension under this paragraph is in force may be enjoined by a proceeding in the proper court […]."

### SECOND AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred by estoppel.

### THIRD AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred or diminished to the extent Plaintiff did not satisfy certain legal requirements prior to bringing this civil action.

### FOURTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred or diminished to the extent Plaintiff has failed to give proper credit for all payments made by Defendants for the tax years at issue.

### FIFTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred or diminished to the extent Defendant Allen Schreiber and/or Defendant Lisa Schreiber do not owe the full amount of the tax, penalties, and interest alleged by Plaintiff.

---

[1] Internal Revenue Service, *What is a Levy?* (April 28,2023), https://www.irs.gov/businesses/small-businesses-self-employed/what-is-a-levy#:~:text=A%20levy%20is%20a%20legal,to%20satisfy%20the%20tax%20debt.

52. Amounts sought by Plaintiff in this civil action include taxes, penalties, and interest owed by Defendants.  The Defendants have reasonable cause for why they did not timely file or pay their taxes owed for various tax periods. Defendants may qualify for the abatement of certain failure to file and failure to pay penalties pursuant to 26 U.S.C. § 6651 and 26 CFR § 301.6651-1.  Abatement of certain penalties will reduce amounts owed as alleged by Plaintiff.

53. Additionally, as referenced by Plaintiff in paragraph (7.) of the Amended Complaint, Defendants filed their tax returns as married filing jointly. Defendant Lisa Schreiber may be entitled to relief from joint and several liability (also known as innocent spouse relief) pursuant to 26 U.S.C. § 6015.

## SIXTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims are barred to the extent that relief requested in the Amended Complaint violates Defendants' rights under the Fifth and Eighth Amendments of the U.S. Constitution. Forced sale of the Defendants' home is punitive in nature considering all relevant facts. Foreclosure and sale of the subject property will also force Defendant to incur additional tax liability that Defendants cannot afford to pay. As referenced paragraph (35.) of the Amended Complaint, Defendants have owned the subject property since 1994.  Sale of the property will cause the Defendants to incur significant capital gains, and, upon information and belief, these capital gains will be taxable.  Plaintiff's intention to retain any surplus proceeds to pay the capital gains taxes will reduce any amounts leftover for Defendants to secure replacement housing and pay reasonable living expenses.  Taking these surplus proceeds may also violate protections afforded to Defendants under the Fifth Amendment.

55. Defendants reserve the right to add any affirmative defenses as the same become known to them through disclosures or discovery in this case.

## CERTIFICATION AND CLOSING

56. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information,   and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

WHEREFORE, the Defendants respectfully request this Court:

A. Deny the relief sought by the Plaintiff and enter judgment on behalf of the Defendants;

B. Award costs to the Defendant; and

C. Grant such other and further relief as this Court deems just and proper.

DATED at Denver, Colorado this 11th day of May, 2023.

s/ Kevin A. Planegger
Kevin A. Planegger
MERRIAM LAW FIRM. P.C.
1675 Broadway, Suite 1875
Denver, Colorado  80202
Phone: 303-592-5404

Fax: 303-592-5439
Email: Kevin@MerriamLaw.com
Attorney for Defendant Allen Schreiber
Attorney for Defendant Lisa Schreiber


s/ Whitney Whitson Wolfe
Whitney Whitson Wolfe
MERRIAM LAW FIRM. P.C.
1675 Broadway, Suite 1875
Denver, Colorado  80202
Phone: 303-592-5404
Fax: 303-592-5439
Email: Whitney@MerriamLaw.com
Attorney for Defendant Allen Schreiber
Attorney for Defendant Lisa Schreiber