IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00084-PAB-MEH

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

ALLEN J. SCHREIBER, an individual;
LISA M. SCHREIBER, an individual;
GUARANTY BANK AND TRUST COMPANY, a
corporation; FIRST CITIZENS BANK AND TRUST
COMPANY; a corporation; HCA HEALTHONE LLC; a
limited liability corporation; COLORADO DEPARTMENT
OF REVENUE; AGS CONSTRUCTION INCORPORATED;
and
ARAPAHOE COUNTY, COLORADO;,

       Defendants.

---

## SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

     June 20, 2023, at 10:15 a.m. in Courtroom A-501 of the Alfred A. Arraj United States

Courthouse, 901 19th Street, Denver, Colorado. Appearances of counsel are:

| | |
|---|---|
| Robert C. Bombard | Whitney W. Wolfe |
| Trial Attorneys, Tax Division | Kevin Planegger |
| U.S. Department of Justice | Merriam Law Firm, P.C. |
| P.O. Box 683, Ben Franklin Station | 1675 Broadway, Suite 1875 |
| Washington, D.C. 20044-0683 | Denver, CO 80202 |
| 202-514-6073 | 303-592-5404 |
| *Attorney for the United States of America* | *Attorneys for Defendants Allen and Lisa Schreiber* |

## 2. STATEMENT OF JURISDICTION

Plaintiff invokes the Court's jurisdiction under 28 U.S.C. §§ 1331, 1340, and 1345. This action was brought by Plaintiff pursuant to 26 U.S.C. § 7401 and § 7403 at the direction of a delegate of the Attorney General of the United States and at the request of and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury. This Court has jurisdiction under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1331, 1340 and 1345. Venue for this action is proper within the District of Colorado under 28 U.S.C. §§ 1391(b) and 1396 because it is the district where the defendants live, the district where the liability for the taxes at issue accrued, and the district where the property that is the subject of the action is situated.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff, the United States of America, seeks to reduce to judgment the outstanding assessments of federal income tax liabilities against taxpayer-defendants, Allen and Lisa Schreiber, and to foreclose related federal tax liens on real property owned by the Schreibers. The Schreibers jointly filed Forms 1040, U.S. Individual Income Tax Returns for tax years 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020, but have not paid their federal income tax liabilities in full and owe, as of April 5, 2023, $1,446,041.47. Federal tax liens have attached to the Schreibers' real property, and the United States is asking the Court to order that the federal tax liens be foreclosed upon the subject property so that the subject property can be sold to pay off the $1,446,041.47 tax debt.

b.      The Defendants assert the following defenses:

i.      Plaintiff's claim is barred because relief requested violates Defendants' right to due process as conferred to them under 26 U.S.C. § 6330 and the Fourteenth Amendment of the U.S. Constitution.  Defendants timely requested a fair hearing

under 26 U.S.C. § 6330(b) well before Plaintiff filed its original Complaint on January 11, 2023.   Said request for a Collection Due Progress (or "CDP") hearing pertains to the majority of tax years at issue in the Amended Complaint, including 2009, 2010, 2011, 2012, 2014, 2015, 2017, and 2018.  26 U.S.C. § 6330(e) suspends enforced collection action. Despite this, Plaintiff seeks to foreclose on the federal tax liens by selling the Defendants' principal residence and only home.  IRS defines "levy" as "a legal seizure of your property to satisfy a tax debt."  Seizure and forced sale of Defendants' home is the ultimate form of enforced collection action or levy. This Court has authority to enjoin the foreclosure action brought by Plaintiff pursuant to 26 U.S.C. § 6330(e).

   ii.     Plaintiff's claims are barred by estoppel.

  iii.     Plaintiff's claims are barred or diminished to the extent Plaintiff did not satisfy certain legal requirements prior to bringing this civil action.

  iv.     Plaintiff's claims are barred or diminished to the extent Plaintiff has failed to give proper credit for all payments made by Defendants for the tax years at issue.

   v.     Plaintiff's claims are barred or diminished to the extent Defendant Allen Schreiber and/or Defendant Lisa Schreiber do not owe the full amount of the tax, penalties, and interest alleged by Plaintiff.  Amounts sought by Plaintiff in this civil action include taxes, penalties, and interest owed by Defendants.  The Defendants have reasonable cause for why they did not timely file or pay their taxes owed for various tax periods. Defendants may qualify for the abatement of certain failure to file and failure to pay penalties pursuant to 26 U.S.C. § 6651 and 26 CFR § 301.6651-1.

Abatement of certain penalties will reduce amounts owed as alleged by Plaintiff. Additionally, Defendant Lisa Schreiber may be entitled to relief from joint and several liability (also known as innocent spouse relief) pursuant to 26 U.S.C. § 6015.

vi.   Plaintiff's claims are barred to the extent that relief requested in the Amended Complaint violates Defendants' rights under the Fifth and Eighth Amendments of the U.S. Constitution.  Forced sale of the Defendants' home is punitive in nature considering all relevant facts.  Foreclosure and sale of the subject property will also force Defendant to incur additional tax liability that Defendants cannot afford to pay. As referenced paragraph (35.) of the Amended Complaint, Defendants have owned the subject property since 1994.  Sale of the property will cause the Defendants to incur significant capital gains, and, upon information and belief, these capital gains will be taxable.  Plaintiff's intention to retain any surplus proceeds to pay the capital gains taxes may violate protections afforded to Defendants under the Fifth Amendment.

## 4.  UNDISPUTED FACTS

The parties agree that the following facts are undisputed:

a.   The parties agree that the suit is timely filed.

b.   The parties agree that the Schreibers are married and as a married couple, they filed their federal income tax returns (Form 1040) jointly for tax years 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020.

c.   The Schreibers self-reported federal income tax liabilities for tax years 2008, 2009, 2010,

4

2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020.

d.  The IRS timely assessed the Schreibers tax liabilities for tax years 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020.

e.  The Schreibers have not fully paid all taxes, penalties, and interest assessed in tax for tax years 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020 to the United States.

f.  The Schreibers own a home, the Subject Property, which is located in Arapahoe County, Colorado.

g.  The Subject Property consists of one parcel of land located at 7101 E. Crestline Avenue, Greenwood Village, Arapahoe County, Colorado 80111. The Subject Property is more particularly described as "Tract 14, Belleview Heights, Second Filing, County of Arapahoe, State of Colorado."

h.  The IRS has filed Notices of Federal Tax Liens with the Arapahoe County Clerk and Recorder for tax years 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020.

## 5.  COMPUTATION OF DAMAGES

a.  The United States does not seek "damages" in this case. The United States seeks to reduce to judgment the outstanding assessments of federal income tax liabilities, including penalties and interests, against defendants for the 2008, 2009, 2010, 2011, 2012, 2014, 2015, 2016, 2017, 2018, and 2020 tax years totaling $1,446,041.47, calculated as of April 5, 2023.

b.  Defendants do not seek damages from Plaintiff. Defendants reserve the right to recover costs and attorney fees against Plaintiff pursuant to Rule 54 of the Federal Rules of Civil Procedure and to the extent allowed by law.

## 6.  REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

a.  <u>Date of Rule 26(f) meeting</u>. **June 6, 2023.**

b.  <u>Names of each participant and party he/she represented</u>. The only parties to attend the Rule 26(f) conference were counsel for the taxpayer-defendants Allen and Lisa Schreiber, and counsel for the Plaintiff, United States listed below:

Robert C. Bombard
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
202-514-6073
*Attorney for the United States of America*

Whitney W. Wolfe
Kevin Planegger
Merriam Law Firm, P.C.
1675 Broadway, Suite 1875
Denver, CO 80202
303-592-5404
*Attorneys for Defendants Allen and Lisa Schreiber*

c.  Counsel for the other non-taxpayer-defendants did not participate and are only named as defendants solely to fulfil the requirements of 26 U.S.C. §7403(b) because they have a potential interest in the Subject Property.

d.  Defendant HCA Healthone LLC was served on 5/15/23 and did not answer by the 6/5/23 answer deadline.

e.  Defendants Jillian Schreiber and Arielle Lasorsa were voluntarily dismissed from this action by Plaintiff on May 31, 2023.

f.  Defendant Guaranty Bank and Trust Company was served on June 2, 2023 and its answer is due on June 23, 2023.

g.  Defendant Arapahoe County, Colorado entered and filed a stipulation regarding lien priority with the United States on June 5, 2023 asking to be treated as a non-party for purposes of the claims filed, including discovery unless the Court orders otherwise.

h.  The United States anticipates that the Colorado Department of Revenue will stipulate under similar terms soon asking to be treated as a non-party for purposes of the

6

claims filed, including discovery unless the Court orders otherwise.

    i.    Defendant First Citizens Bank and Trust Co. was served on 5/18/23 and has an answer due by 6/8/23.

    j.    Defendant AGS Construction Inc. was served on 5/18/23 and has an answer due by 6/8/23.

    k.    <u>Statement as to when Rule 26(a)(1) disclosures were made or will be made.</u>

The parties agree that initial disclosures must be provided by **July 6, 2023** in accordance with Rule 26(a)(1)(C), which is 30 days after the Rule 26(f) conference. The parties agree this is a reasonable time frame because an Amended Complaint was filed, the time to respond to the Amended Complaint has not yet run for all Defendants, and it considers counsels' schedules during the month of June 2023.

    l.    <u>Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).</u>

The parties agree that initial disclosures will be provided by July 6, 2023. Production by electronic means is acceptable.

    m.    <u>Statement concerning any agreements to conduct informal discovery</u>:

None.

    n.    <u>Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.</u>

The parties agree to the use of a unified exhibit numbering system in this case and will use consecutively-numbered exhibits for depositions in this case. The parties have no other agreements or proposals but believe that litigation costs may be reduced in this case through the electronic exchange of documents. Certain minor depositions may be conducted by remote means where reasonable and feasible and when both parties agree.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information ("ESI"). To the extent ESI exists, the parties have agreed to preserve their respective information, both paper and email, and have identified possible custodians.

The following categories of electronically stored information need not be reserved: (1) deleted, slack, fragmented, or other data only accessible by forensics; (2) random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; (3) on-line access data such as temporary internet files, history, cache, cookies, and the like; (4) data in metadata fields that are frequently updated automatically, such as last-opened dates; (5) back-up data that are substantially duplicative of data that are more accessible elsewhere; (6) server, system, or network logs; (7) data remaining from systems no longer in use that is unintelligible le on the systems in use; and (8) electronic data (e.g. emails, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

The parties agree to produce information in PDF format, unless the need arises for an alternative production format, at which point the parties will discuss other forms of production. The parties have agreed that claims of privilege shall be made on privilege logs.

Defendants seek the entry of a 502(d) order under Rule 502 of the Federal Rules of Evidence. The attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

8

h.   <u>Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case</u>.

The parties have discussed settlement or resolution of this case and will continue these discussions in effort to minimize the costs of litigation.  The parties do not believe alternative dispute resolution would be productive at this time.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge in this case.

## 8. DISCOVERY LIMITATIONS

a.   <u>Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:</u>

None.

b.   <u>Limitations which any party proposes on the length of depositions:</u>

None.

c.   <u>Limitations which any party proposes on the number of requests for production and/or requests for admission.</u>

The parties agree to a maximum of 25 requests for production per party and 25 requests for admission per party.

d.   <u>Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions</u>:

**December 22, 2023.**

e.   <u>Other Planning or Discovery Orders</u>

None.

## 9.  CASE PLAN AND SCHEDULE

a.    <u>Deadline for Joinder of Parties and Amendment of Pleadings</u>:

**August 4, 2023.**

b.    <u>Discovery Cut-off:</u>

**April 7, 2024.**

c.    <u>Dispositive Motion Deadline</u>:

**July 14, 2024.**

d.    <u>Expert Witness Disclosure</u>:

1.    The United States does not anticipate the use of affirmative expert testimony in this case at this time but reserves the right to use expert testimony should the need arise.

2.    Defendants do not anticipate the use of affirmative expert testimony in this case at this time but reserve the right to use expert testimony should the need arise.

3.    In the event that expert testimony is utilized, the parties propose that each side be allowed a maximum of 3 expert witnesses.

4.    The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **October 13, 2023**.

4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **January 19, 2024**.

10

    e.    <u>Identification of Persons to Be Deposed</u>:

    1.  Plaintiff has identified the following persons to be deposed; Plaintiff reserves the right to depose other witnesses if evidence produced in discovery indicates the need to do so.

        i.    Defendant, Allen Schreiber (7 hours)

        ii.    Defendant, Lisa Schreiber (7 hours)

    2.  Defendants reserve the right to depose any witness who may have information relevant to a claim or defense.

    3.  The parties understand that all depositions must be completed on or before the discovery cut- off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR 30.1.

## 10.  DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

_____.

b.  A final pretrial conference will be held in this case on **September 18, 2024 at 10:45 a.m.**  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.  <u>Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.</u>

The parties were able to reach an agreement on all issues.

b.  <u>Anticipated length of trial and whether trial is to the court or jury</u>:

The parties anticipate the length of the jury trial to be two (2) days.

c.   <u>Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities in Colorado Springs, Grand Junction, or Durango</u>:

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C. COLO. LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C. COLO. LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon motion showing good cause and order entered thereon.  Counsel shall confer in good faith regarding any amendments to this Scheduling Order prior to filing motions with the Court.

Entered  June 21, 2023, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

APPROVED:

Dated: June 13, 2023

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Robert C. Bombard                         /s/ Whitney W. Wolfe
Robert C. Bombard                             Whitney W. Wolfe
Trial Attorneys, Tax Division                 Kevin Planegger
U.S. Department of Justice                    Merriam Law Firm, P.C.
P.O. Box 683, Ben Franklin Station            1675 Broadway, Suite 1875
Washington, D.C. 20044-0683                   Denver, CO 80202
202-514-6073                                  303-592-5404
*Attorney for the United States of America*   *Attorneys for Defendants Allen and Lisa*
                                              *Schreiber*